Okay, good morning, Council. We are calling the case of Zefirino Martinez v. UPMC Susquehanna, number 19-2866, and we'll begin with Ms. Greenberg. Actually, Mr. Horowitz is going to lead off here. Very good. Mr. Horowitz, you're welcome to. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. I'm Jeremy Horowitz with the EEOC, and I'd like to request two minutes for rebuttal, if I could. Granted. Thank you. The allegations in Dr. Martinez's First Amendment complaint fall squarely within the requirements under Rule 8a-2, as that case has been interpreted, under Twombly, Iqbal, and Sperkovich. Under those cases, a complaint need only make out a facially plausible claim for relief, giving the defendant a fair notice of what the claim is and the facts on which it relies. In an ADEA case, that means that the complaint only needs to have enough facts to show that the circumstances of an adverse employment action are such that they give rise to a plausible inference of discrimination. And that's precisely what the complaint did here. Dr. Martinez alleged that he was 70 years old, that he was well qualified for his job, that he was performing it adequately, that he was nevertheless terminated for non-performance reasons, told only vaguely that UPMC wanted to, quote, move in a different direction. And then he was replaced by Dr. John Hunter, who is a less qualified, less experienced, and significantly younger individual. He then alleges that he applied for, when he saw that UPMC had posted a job for an orthopedic surgeon, he applied for that three times, was never contacted about that by UPMC, and instead the job went to Dr. Wingrup Jarvis, who again was a significantly younger, less qualified, less experienced individual. So if the theory of discrimination here is one that depends on relevant comparators, and at the fourth prong of a prima facie case, the legal allegation would be that we've got that comparator who is significantly younger and less qualified. Then how is reciting what would essentially be that fourth prong of a prima facie case, how is the recitation of that not simply stating a legal conclusion? In the context here, where all of these other facts provide a factual background for it, stating that these individuals are significantly younger, that's giving a, it's not just a mere recitation of legal requirements, that's giving a qualitative assessment of the relevant age difference, that a judge using common sense and judicial experience is able to use to determine whether or not the complaint as a whole creates a plausible inference of discrimination. And so this court in the Fowler decision and in Wilkerson, the Supreme Court in the Erickson case, they accepted allegations that were far less specific than the ones that are issued here to go forward as defeating a 12B6 motion. How important is it in your analysis that both of the comparators were actually identified by name? Well, it's extremely important, Your Honor, to the extent that it gives notice of the factual background to the defendant in the case and gives them a sense of what the claims are relying on. This isn't a case where somebody just sort of says, I was discriminated against, period, full stop. It's stating, here were the comparators, and they are significantly younger. I may not know how much younger, but I can tell you that they are significantly younger. The defendant wouldn't know how much younger, right? Exactly. That's precisely right. And also, it goes to show that to somebody who's, to a judge who's assessing the factual record, it goes to show that judge that I may not have that information nailed down, but there is a reasonable expectation that once the discovery process begins, I will be able to get a hold of that information that will provide evidence that supports this aspect of the complaint. So it's not a matter of speculation in any way. It's a matter of these are facts that support the underlying allegations. Without pleading anything more than the characterization, for example, of their relative youth or qualifications, why wouldn't that simply open up a fishing expedition, perhaps to the plaintiff being six months younger, significantly younger? And is that information really so difficult to come by or to describe for a plaintiff who has the burden of pleading out at least sufficient facts to give rise to that inference of discrimination? Well, Your Honor, if the plaintiff were held to a higher specificity standard in that case, I mean, if it were the six months that Your Honor is describing hypothetical, that could come out on summary judgment. But where it's a matter of just a basic pleading standard of the 12B6 stage, then there is no sort of heightened pleading requirement that would really end up undercutting the anti-discrimination laws because it would end up eliminating a number of potentially meritorious claims from being able to proceed just based on not having this information that discovery is designed to provide. But we also don't want to open up defendants to discovery based on speculation or based on pleadings that are a near possibility rather than even plausibly giving rise to that inference. And without anything more than what, even if we accept that something like significantly younger, depending on the context, could be a factual description or it could be a legal conclusion. In this context, where we want to have more than speculation and more than mere possibility, why shouldn't there be some requirement of some additional facts to make it a plausible allegation? I'm sorry, Your Honor. There's no requirement for additional facts because it's sort of hard to know what a plaintiff who knows that there are these significantly younger people, but they don't have access to that information. It's hard to know how they could, in that case, plead. I mean, I suppose they could start speculating as to the specific ages, but that's not what the Federal Rules of Civil Procedure call for. And in fact, I think it's sort of anathema to what the Federal Rules of Civil Procedure call for, which is a short, plain statement of a case with no additional requirements of specificity. And again, what this court held in Fowler when it came to whether the plaintiff was substantially disabled or what the Supreme Court held in Erickson regarding whether the individual was being substantially harmed, in both cases, the court did not require any additional factual support before the case could go forward. Mr. Horwitz, could you speak a little bit to how Twombly and Iqbal ought to interact with McDonnell Douglas here? You've got to plausibly plead an entitlement to relief under Twombly and Iqbal. And to ultimately get relief, you're going to have to show but-for causation. So does the complaint have to plead facts that plausibly give rise to a but-for causation, inference of but-for causation? What's the government's position on that? We didn't – I mean, the government – I think the complaint needs to, again, give rise to a – provide a factual description of the case that gives rise to a plausible inference of discrimination that is a but-for cause of the termination. But, again, it just needs to be a – give rise to a plausible inference there. It does not need to provide anything more specific than that. I'm not sure if I've responded to Yaron's question. I guess, what does that mean in concrete terms? Do you have to plead a prima facie case? Do you have to plead something less that will lead one to a – to infer a prima facie case? Do you have to plead things that will go beyond and refute legitimate non-discriminatory explanations? I mean, there's some moving parts here in the way that Twombly and Iqbal interact with Sierkiewicz and McDonnell Douglas. And I don't know if you've spoken to that. If the government has a position, I'd be interested to hear it. Yeah, we – I mean, that wasn't really an issue in this case, Your Honor, so we haven't briefed that specific point. But the general assessment would be that there is no requirement that every element of the prima facie case be established, as this court held in Fowler and as the Supreme Court held in Sierkiewicz. There's no requirement that every element of a prima facie case is made out, although we would emphasize that if every element of a prima facie case is made out, then as this court held in Castlebury, that is enough by definition to defeat a – It's sufficient, but it's not necessary. Yes, correct, Your Honor. You have, however, asked us to pronounce that Sierkiewicz remains good law, despite our suggestion in Fowler that it was repudiated. And so with respect to Sierkiewicz, what specifically are you asking us to say survives? And do we even need to reach that, or could we make that same decision based on Iqbal and Twombly alone? Your Honor, I think you could make that decision based on Iqbal and Twombly alone, as we've described in our briefing. But as to Sierkiewicz itself, as this court held in the Inouye-Roper-Cheney trust litigation case, the previous observation in Fowler saying that Sierkiewicz had been repudiated, at least insofar as it relied on Conley, that does seem to be to overstate the matter. If you look at how Twombly relied on Sierkiewicz and described it in positive terms, Iqbal didn't refer to Sierkiewicz at all, positively or negatively. But the core holding of Sierkiewicz didn't rely on this part of Conley that had been repudiated, this idea that there is no heightened pleading standard and that the Prima Facie case doesn't need to be established in a complaint. I think both of those certainly do survive Twombly netball. Okay. All right. Unless my other colleagues have further questions for you, Mr. Horwitz, we'll turn it over to Ms. Greenberg. Thank you very much, Your Honor. Ms. Greenberg. Good morning, Your Honors. May it please the court. My name is Tracy Greenberg, and I will be arguing today on behalf of the appellant, Dr. Zaffirino Martinez. This case presents the issue of whether Martinez, a presently 71-year-old physician, has sufficiently pled claims for age discrimination under the Age Discrimination and Employment Act and the Pennsylvania Human Relations Act. And specifically at issue is the fourth prong of the Prima Facie case, whether Martinez has pled specific circumstances giving rise to a plausible inference of age discrimination that accompany the two adverse job actions alleged in the complaint. One, his termination and replacement by Dr. Hunter, and two, UPMC's subsequent failure to rehire him and instead hire Dr. Jarvis after he applied for the position three separate times. Martinez asserts here that the district court's dismissal of his case, based on the assertion that the First Amendment complaint did not contain any factual allegations relative to the specific age of the comparators, was erroneous. There is no hard and fast rule that requires a plaintiff to allege the age of his comparators to satisfy the fourth element of the Prima Facie case, facts or circumstances giving rise to an inference of age discrimination. And this court has never held that replacement by a younger individual is the only manner by which a plaintiff can satisfy that fourth element. It's not the only, but it's a common one. If we determined that this was a legal conclusion, do you have anything else in the complaint that would push the claim from possible to plausible? Sure, Your Honor. There have been cases where a court has found that when the adverse job action is a termination, a plaintiff can satisfy that fourth prong simply by showing that there was a continued need for someone to perform his job after he left. This court came to that conclusion in Evans v. P.A. Power and Light. And also more recently, actually prior to that, there was another district court, Grabowski v. Tammack, the middle district, came to that conclusion. In that case, the district court reasoned that an inference of discrimination is raised when an employer rejects an otherwise qualified protected class employment candidate and thereafter does not eliminate the position. The court in that case stated that evidence of the seeking or the hiring of a replacement to fill a position vacated by a discharged plaintiff who is a member of a group which has historically suffered discriminatory treatment is by itself sufficient to satisfy the fourth element of the prima facie case. And the reasoning for that is basically that it's facially illogical for an employer to randomly fire an otherwise qualified employee and incur considerable expense and loss of productivity associated with the hiring and training of a replacement. And we allege here that Martinez's complaint pled sufficient facts that UPMC sought and hired a replacement for his work. And in fact, there was a continued need for someone to perform the duties. That provides a completely independent basis to say it was error to dismiss the complaint here. Why do we need to reach any of these other questions, or do we, as to the specificity of pleading on a theory that relates to comparators, as opposed to the specificity of pleading that the position remained open and he wasn't rehired? Well, this case does, in fact, hang on the fact that there were comparators, that there were that, you know, he pleads that, you know, following his termination, someone had to perform his job. And I think that it's important to look at the facts that we pled in his case, specifically, that before his termination, the employer came to him and discussed with him, you know, what additional information, what additional tools or resources he might need to perform his job in the future. Basically, he also pled that at the time of his termination, he had a full calendar of upcoming patient surgeries. And, you know, most significantly, he pled that following his termination, they posted his job. He pled that he was told that his termination had nothing to do with his performance, and he was just given a vague statement that, you know, we're moving in another direction. And I think in light of the cases I earlier mentioned, you can come to a conclusion, it's plausible to believe that there was some invidious reason for letting him go and putting somebody else in that role. I just want to make sure that I'm understanding your answer in relation to my question, because it sounds like you're arguing based on cases like Barbara, if there's that theory that's adequately pleaded in the complaint, then there's not a need, is there, for this court to reach questions about the specificity of pleading as to the age or the qualifications of particular comparators? Sure. Well, according to those cases, you know, the mere fact that there was a continued need for the position and that, you know, the job didn't go away, that in and of itself in those cases was sufficient to establish the prima facie case at the pleading stage. You know, on summary judgment, that may be a different story. But in terms of pleading, certainly, you know, we take the position that that is sufficient. And, you know, this court has articulated the need for flexibility when, you know, evaluating a prima facie case. And, you know, there's different ways to establish those elements, not just, you know, as the district court ruled here by identifying the age of the comparator. Was that argument, I mean, what's, in essence, an alternative theory of discrimination as a basis for the complaint? Was that argued by you on the motion to dismiss? At that point, I think that we just targeted head on the comparator issue. So should we treat it then as waived? I would hope not, Your Honor. I think that, you know, it's important to look at, you know, the totality of the pleading at this juncture and, you know, address whether or not the pleading passed muster at the district court level. Okay. Is there any other points you'd like to address with us? Yes, I would also like to address the issue with respect to the comparators that was raised by the district court judge, as well as counsel for the appellee with respect to the specialties of the alleged replacements. UPMC has argued and the district court agreed that Dr. Hunter could not have replaced Martinez subsequent to his termination because his specialty is a podiatrist and not an orthopedic surgeon. I just want to touch briefly on that. Job titles in and of themselves, you know, are not dispositive as to whether or not someone is a comparator. This court has held that an individual does not need to be situated identically to satisfy the fourth element of a prima facie case. And there's also, you know, law in this circuit that an individual satisfies the definition of comparator so long as he assumes a subset of the plaintiff's duties. Here in this case, Martinez is an orthopedic surgeon. And the challenge was that a podiatrist and an orthopedic surgeon cannot be, are not the same, cannot be considered comparators. But, you know, when you're looking at what an orthopedic surgeon does, he performs medical treatment on foot, ankle, leg issues, and podiatrists do the same. So, you know, if we can establish that at least a portion of his duties were assumed by Dr. Hunter, I think that that satisfies, you know, the comparator analysis, you know, that, you know, this circuit adheres to. Thank you. All right. Again, if my colleagues don't have questions, we will turn it over to Mr. White. Mr. White. Thank you, Your Honor. May it please the court, my name is Austin White, and I represent the Pele defendant, UPMC Susquehanna. So, what I'd like to start with is looking at what the district court actually did here. Because I think it followed the law that it had in front of it, which was a number of court cases in the middle district that found similar circumstances where a plaintiff did not name the age of their comparators was a legal conclusion. The EEOC has characterized this as a qualitative description. I think we're really at semantics at that point. What we're talking about is the difference between a plaintiff who has the power to put whatever he or she may desire in the complaint, and providing that factual material to the judge, for the judge to make the decision about whether or not there is a significantly younger comparator, and making that decision for the judge and pleading it as a legal conclusion. Mr. White. Yes. So, the purpose of pleading with specificity is enough to put the defendant on notice as to how to defend. Now, we don't expect an employee to have the ages of all his co-workers, but the employer almost always does. Why is it not enough to say, to name the comparator as here, say this person is significantly younger, and then the defendant can dispute these matters or other things? Why is the burden on the plaintiff to articulate the particular age of each one when that's information the plaintiff won't have but needs to get through discovery? Well, Your Honor, I think based on the pleading standards that we have through the precedent is that there has to be a plausible claim. And this plaintiff in this case decided that the plausible claim was based on the fact that he was replaced by someone who was significantly younger. Right. Those district court cases don't bind us. So, we are going to decide whether we treat this as a factual matter or a legal matter. Now, why should we treat this as a legal allegation of significantly younger as opposed to, hey, he's a lot younger than this person. It's just a factual statement you might make about a lot of people. Your Honor, a couple of reasons. One, I can say that the court, although in a non-precedential opinion, the Third Circuit previously did come to that conclusion. Okay, not binding on us. Why should we be persuaded by it? So, when a plaintiff, as the plaintiff did here, decided that the case that he was going to plead that was plausible was based upon that conclusion, that the person was significantly younger, I think it's on the burden of the plaintiff to describe with any specificity. It doesn't have to be… He gave the name. He gave the name of the comparator. But with any specificity for the age of the comparator, whether it's 10 years his junior, 20 years his junior, believed to be in his 40s or 30s, and I can tell you… It puts your client on notice as to who, what's in play here, right? And that's what the rules require. Correct. Exactly, Your Honor. And I think that the judge has to have that opportunity to make that decision on whether or not a plausible claim has been pled when faced with something like we have here, like a motion. What if the word were not significantly? What if the complaint just said years younger? Would that be a factual or a legal allegation? Is there any basis for saying that would be legal if it said years younger but didn't specify how many years or what the birth date was? Well, Your Honor, I think even specifying years younger is better than saying significantly younger because we're talking about giving the complaint some factual material for the judge to make the decision of whether or not it's plausible. If it's five years younger, more than five years younger, more than 10 years younger, in his 40s, in his 30s, anything. And the district court here said, look, I don't have anything. All I have is that label, and I don't think that that label is enough. And we challenged this issue, and we brought up the fact that we believe there had to be some factual material in the initial complaint. The plaintiff amended their complaint and did the same thing, chose not to put anything. And I can tell you, Your Honor, I do and I have filed plaintiff age discrimination cases before. And in those cases, when I plead a complaint, I am always cognizant of the fact that there may be a plausibility challenge. And I have pled that belief to be in his 40s or his 30s to provide the court with something. The federal civil procedure or a notice pleading system. The point is to put people on notice. You don't dispute that almost always the employer is going to have access to ages. The employee is not going to. Well, Your Honor, the employee believes, and as was the case in this case, that he was discriminated against based on age. How he came to that decision and decided to file a federal court case has to be dependent upon some factual material. In this case, we're looking at circumstantial evidence, not direct evidence of discrimination. Most of these are circumstantial cases. So you seem to concede that if it said years younger, that would be a factual allegation and that would be enough. So how are how is he supposed to establish years younger? Or is it just that all people going forward to just say years younger in their complaints? Your Honor, I just to be clear, I'm not conceding that years younger would be enough to plead a plausible claim. I'm just saying that that would be more than what they put into this. That would be a factual allegation. Years younger would be a factual allegation. I don't know that it would be specific enough because if we're talking about would it be a legal allegation? If we're talking about years younger, I would assume then that they're saying at least two years younger. And then is that a fact? Is that a fact or is that a legal issue to say two years younger? If if a if a plaintiff pled in their complaint that there that the individual comparator was at least two years younger, then I think that that would be a fact that at least the court can make the decision about whether or not that pleads a plausible claim. Thank you. Can we infer if someone pleads significantly younger that the person is saying on information belief? I think this person is a couple of years younger. No, I don't believe we can, Your Honor, because if if someone says significantly younger, then they're mapping the the the legal conclusions of the prima facie case, which this plaintiff did. And they're not actually pleading facts. They're just pleading a label or conclusion which can be dismissed based on the pleading standard. So what should they say to satisfy your matrix? What should the complaint say? The complaint, if Mr. If Dr. Martinez believed that that Dr. Hunter was in his 30s, then it should say believed to be in his 30s or believed to be in his 40s. If the complaint if the plaintiff here believed that Dr. Jarvis was in his 40s or his 50s or in his 60s, you know, it could be any there. I mean, it could be any number of ways to communicate. I don't know with certainty, but I know it's a lot. Then why isn't a lot enough? I mean, is this just semantics where perhaps perhaps, you know, it may be just coincidentally that significantly appears in case law. But even colloquially, when people talk about somebody being a lot younger, they'll use the expression significantly younger or substantially younger, meaning a lot younger. If that's enough, why isn't pleading significantly younger? Real sense. I'm sorry, Your Honor. What I'm saying is that there has to be some facts in the complaint for the court to come to that conclusion. I am in our position here, and I think it's consistent with what the case is, at least that Judge Brand was looking at when he made this decision with this court, you know, ruling on in color that that's the case that he cited in his decision, that there has to be some factual material for the court to make that decision, and there wasn't in this complaint. So he dismissed that allegation as a legal conclusion or a label and then proceeded to look at the complaint with what was left. OK, so maybe let's say we disagree with you and we think significantly means a lot is factual. Let's move on to this issue about how Twombly and Iqbal fit with Sierkiewicz and McDonnell Douglas. Is it your position that a plaintiff has to plausibly allege enough facts that would not just lead you to believe he'll make out a prima facie case, but that will ultimately get you to butt for causation? You know, does the plaintiff have to preempt the employer's legitimate nondiscriminatory reasons, for example, or have direct evidence or something else like that? Your Honor, I don't think that that was something that was addressed by the court. I don't know that it's been brief, but as far as this case is concerned, I think that Iqbal affirmed that Twombly and the plausibility standard applies to all civil actions across the board. It doesn't matter what type of civil action. To me, that would include any type of discrimination claim or an ADA claim. Yeah, but Twombly cites with approval Sierkiewicz. We don't infer that it overruled it. We're not allowed to treat Supreme Court cases as overruled by implication. So the suggestion is at least part of Sierkiewicz survives and fits with this. So what needs to be in the complaint to connect the dots? Do we have to connect the dots up to ultimate butt for causation or just up to a prima facie case? Your Honor, I think that in this case, the plaintiff chose to rely and map the prima facie case of being replaced by a younger comparator. So I think that the court, when it looked at this complaint and shed it of its legal conclusions, it said, what facts am I left with? I don't think that that question was ever really addressed by Judge Bray. Do you have a position on it? You know, I'm not a government employee. And so my position on things is just, you know, I'm looking at the complaint that's in front of us. And I, you know, I think that the court in this case, you know, reached the right conclusion. Looking at the complaint in front of you, did it put your client on notice as to what the issue was? Well, it didn't. I think that that's a little bit different, Your Honor, than whether or not it stated a plausible claim. No, what I'm asking you, did it put your client on notice consistent with the federal rules of civil procedure? No, if we're talking about whether or not the, I guess that my response is that it didn't plead a plausible claim. And that's what we challenged. No, what I'm asking is, did it put your client on notice? It's a pretty straightforward question. Your client knew the ages of the other guys. Did it put your client on notice? Well, Your Honor, I don't think that we can, you know, if we're, we're not allowed to bring in any facts beyond the scope of the complaint when we're challenging it. I'm just asking a simple yes or no question. Did it put your client on notice? I guess that my question is on notice of what, though? Of what the problem was, of the allegations that he was replaced by a younger worker. Well, Your Honor, this went through the EEOC's process. I mean, this was subject to. It's really not that difficult. Did it put your client on notice, yes or no? No, Your Honor. Okay. If we can circle back for a moment to the other question Judge Restrepo was asking, and Judge Vivas as well, with a different phrasing, what is enough to plead? Is it your contention that to adequately plead facts that support an inference of discrimination, a plaintiff who doesn't actually know someone's age, or even decade, needs to guess that and make a representation that may be inaccurate when all they can tell from their, what they're able to see and know, otherwise know, is that this person is a lot younger than them? Your Honor, I think that when, like we have here, where Dr. Martinez believed that he was subject to age discrimination based on the replacement age of the individuals, I think that he has to have some observations about what their age is. And I think the obligation is on him to plead the plausible claim and for him to decide what he's going to put in the complaint relative to those ages. I don't think it, just like a prima facie case is not a cookie cutter exercise, it can be based on the facts of the case. I think that it's up to the plaintiff to decide under those circumstances what to include in the complaint. It's not that the wrong material was included here, it's just that there wasn't any material on the facts relative to the age of the comparator. So it has to be more than a lot younger, but beyond that, there's no particular guidance you're asking us to give? No, Your Honor, I think that there has to be some fact in the complaint about the age, and I think that then it's up to the district court judge to actually make the decision about whether or not that's a plausible claim, if challenged on a 12b6 motion. What about the fact here that we have on the face of the complaint another theory that even apart from the comparators should have survived a motion to dismiss? Your Honor, I don't think that that was raised before the district court. Our position on that would be that it is waived, but if we look at the complaint itself, the paragraphs 20-22 are where the plaintiff summarizes what is the basis of these claims. The basis of the claims are Dr. Martinez saying that he was replaced by a younger individual and that's why there was age discrimination, that he was passed up for a job and the job went to a younger individual and that's why there was age discrimination. We, of course, were challenging the complaint as it was constructed, and we saw those as being the gravamen of the complaint, and I think that the district judge did as well. That's the decision that Judge Brand came to, and I don't think that we got into the alternative theories as was suggested by counsel in her argument. What about just giving it as really a sort of combined theory that the position remained open, it was advertised, he applied for it, and was turned down, but someone else was hired who it's his belief that was a lot younger? Your Honor, I think that the way the complaint was constructed, it didn't actually make the connection between a new position being advertised and that being Dr. Martinez's position as remaining open. It was that there was an opening for an orthopedic surgery position at UPMC Susquehanna, which is a health system, and that he applied for that and didn't get it. So I don't know that those facts were actually connected within the complaint for the court to make that type of determination. Mr. White, briefly before, because we have exceeded time, but could you briefly address, I gather you are also asking us to hold it, it's not enough to allege that someone has been hired into the same position, or that they are less qualified, but there needs to be specificity as to the relative qualifications of a proposed comparator. Again, what is the specificity beyond being less qualified, or merely that they were being younger and hired into this position? Sure, Your Honor. So the amended complaint did not include the specialties of the comparators, Dr. Hunter or Dr. Jarvis. And so when the district court, when we challenged based on the lack of specificity of the specialties being in the complaint, we looked at the prior complaint and said, well, it was there, at least relative to Dr. Hunter, and so we challenged it in the second complaint as being missing. When Judge Brand wrote his opinion, he remarked that we had commented that, or argued that Dr. Hunter was a podiatrist, but his opinion in terms of that component, there's nothing in it. All he did was remark that the comparator specialties was missing. I think that the thrust of the district court's opinion here was really focused on the lack of the age. Now, we did in fact, you know, we did brief the issue that relative to Dr. Hunter, that he was in fact a podiatrist, and a podiatrist could not legally replace an orthopedic surgeon. We think that that's another component of the fact that this is not a plausible claim, but I don't think that that's a necessary determination for this court. I think that the court can look at this complaint and see that it does in fact not have the specialties alleged. But I don't think that that's necessary. I think just the fact that there's lacking factual material relative to age is enough for the court to affirm. Thank you, Mr. White. Mr. Horowitz, between you and Ms. Greenberg, your rebuttal time. You're on mute. Okay, there we go. I'm sorry, Your Honor, still figuring the system out. Thank you. I did want to make just a few points. First, with respect to Judge Risproproh and Judge Bevis' interest in the fair notice being enough. That's exactly right, that fair notice is enough under Twombly, under Iqbal, under Sperkovic, under Shuhart. And that's all that's required. There was no heightened pleading standard for employment discrimination cases. And here, the case was clearly, I mean, the complaint was clearly sufficient to put UPMC on notice of exactly what the claim was and the factual basis for it. And the other cases from... Without the name? I'm sorry, Your Honor? ...the discovery would turn up evidence at the fourth prong of a primifacia case. We would say that that's enough, Your Honor. And that's the other cases, cases from other circuits that we cited, that's exactly what those courts found in Shepard, in Ray from the Fourth Circuit, in Haskett from the Fifth Circuit. In each of those, the identity of the comparator wasn't alleged specifically, but that was considered to be enough to survive 12 v. 6. But again, this case doesn't turn on that because here, the identities of the comparators was alleged specifically with their names. So even if, you know, in the abstract, an employer might say they aren't given fair notice of who the comparators were without that information, here, it's very clear that UPMC did have notice of exactly what the claim was based on. I also just want to push back on this idea that guesswork is required in a complaint. You have to say, well, he seems like he might be in, you know, such and such decade. That's not what's required under the federal rules. Under the rules, there is no basis in the rules or the case law in a published circuit court decision saying that you do need that sort of specificity. As your honors have all, I think, mentioned, it is enough to say sufficiently younger, substantially younger, etc. That there is no requirement stemming from the federal rules or the case law or even, frankly, as a matter of policy requiring additional specificity on that. What about specialty? Is the EEOC's position that merely alleging that someone was hired to replace the plaintiff or to take over some of plaintiff's duties, that that's sufficient in terms of alleging the relative qualifications? Well, your honor, we didn't because that was not a an issue that was an issue in this case, at least in the district court. We didn't brief that particular issue. But again, I would point the court to Shepard and Ray and Haskett, all of which held that really far less in terms of allegations than what was put forth here was sufficient. Do either of my colleagues have additional questions at this time? I'm sorry, there was one additional point I wanted to make relating to Judge Bibas's question about whether the prima facie case is sufficient, when you allege that when prima facie case is sufficient. And I just wanted to emphasize that, yes, may not be necessary, but it is sufficient. And as long as you have alleged that, then as this court held in Castlebury, that was enough to get beyond 12-6. All right, Ms. Greenberg, Mr. White, Mr. Horowitz, thank you for excellent argument this morning and for your patience and waiting to round up our morning. Thank you very much, your honor. Thank you for your advisement.